EBERLE AND CO. v. C. C. TANK AND
BOILER WORKS

(Dec. 13, 1926.   Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Master and Servant
—Par. 35; Pleading—Par. 112, 119.

The fact that a salary is paid monthly is
not inconsistent with an employment
for a specified longer period.

2. Louisiana Digest—Master and Servant
—Par. 26.

An employee who engages to perform certain
work in a specified time for a
price agreed upon is entitled to the
whole price agreed upon if he completes
his work within the specified
time.

Appeal from First City Court.   Hon.
Val. J. Stentz, Judge.

Action by G. P. Eberle and Co., Inc.,
against C. C. Tank and Boiler Works.

There was judgment for defendant and
plaintiff appealed.

Judgment reversed.

E. A. O'Sullivan, of New Orleans, attorney
for plaintiff, appellant.

Herbert W. Kaiser, of New Orleans, attorney
for defendant, appellee.

CLAIBORNE, J.   Plaintiff claims from
the defendant $150 as the balance due for
services rendered as accountant under a
verbal contract.

Plaintiff alleged that on June 26, 1923,
the defendant, being desirous of opening
a set of books for a special system of
bookkeeping, employed him to instruct its
bookkeeper in said system; that in consideration
of said services to render the
bookkeeper efficient, plaintiff was to receive
$200; that plaintiff is a public accounting
firm; that it gave instructions
to the bookkeeper and rendered him so
efficient that he was placed in full control
of the books; that during July, 1923, the
defendant paid plaintiff $50 leaving a balance
due of $150.

The defendant admitted making a verbal
contract with the plaintiff "for the supervision
of its books for a period of four
months at a monthly rate of $50 making
$200 for the entire contract"; that the
plaintiff's    representatives    made    three
visits to defendant's establishment and all
three during the first month of the contract
for which defendant paid him $50
for the first month; that plaintiff failed
to carry out the balance of the contract;
that after this first month none of its representatives
rendered the defendant any
services whatsoever, nor any other visit
than the three during the first month;
that for that reason defendant does not
owe plaintiff anything.

There was judgment on non-suit.   Plaintiff
has appealed.

The preponderance of the evidence is
that in June, 1923, the defendant company
was organized; that H. J. Roth was the
bookkeeper, and C. C. Elmer the president;
that Elmer employed the plaintiff to
open up a system of books and bookkeeping
for the firm; that the plaintiff was to
instruct Roth in the manner of keeping
the books and was to continue his instructions
for a period of four months for the
consideration of $200; that the plaintiff
decided upon the necessary books, and that
they were purchased under his orders;

that Roth opened up the books under his instructions, and that later he gave Roth advice and assistance on those lines. There is no pretense that plaintiff ever refused to give the necessary instructions, or that the instructions he did give were not useful and profitable, or that any fault was ever found with him on that score. The defense is that he was employed by the month at the rate of $50 per month. That position finds no support from the testimony of either the plaintiff or the defendant, as we interpret it.

The defendant relies upon the fact that at the end of the first month, it sent plaintiff $50 which he accepted. The fact that a salary is paid or payable monthly is not inconsistent with an employment for a specified longer period.

It is customary for employees, engaged for a long period of time, to be paid by the month, or at intervals during that time.

The defendant also denies indebtedness for the reason that plaintiff rendered no service after the second month. If services had been required after the second month, or at any time during the four months, and plaintiff had refused to render them, that defense would have prevailed. But the plaintiff was not employed to work during four months. He was employed to open up books and inaugurate a system of bookkeeping and to teach Roth how to continue the system, and he obligated himself to render necessary services to that end during four months, if necessary. But plaintiff was not obliged to call on Roth during four months if it was not necessary. The evidence is that he fulfilled his contract, in that respect. He opened up the books, he showed Roth the system, and instructed him how to continue it. That was his contract and nothing more. If Roth acquired the necessary knowledge in two months, plaintiff was under no obligation to continue his visits to the defendant. It may be that defendant made a bad bargain, and that plaintiff made a good one, but the law is that parties must abide by their contracts even when they are onerous. Dura lex, sed lex.

It is therefore ordered that the judgment herein be reversed and set aside, and it is now ordered that the defendant the C. C. Elmer Tank and Boiler Works, Inc., be condemned to pay to the plaintiff G. P. Eberle and Co., Inc., the sum of one hundred and fifty dollars with five per cent per annum interest from March 19, 1923, till paid and all costs of suit.